320112

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ELLEN MAROTO

VS.                                          CA NO

CVS CORPORATION LONG TERM DISABILITY INCOME INSURANCE PLAN
CVS CORPORATION As Administrator of CVS Corporation Long Term
Disability Income Insurance Plan, and HARTFORD LIFE AND ACCIDENT INSURANCE CO.

## COMPLAINT IN CIVIL ACTION

NOW COMES the Plaintiff, Ellen Maroto by her attorney, Mark B. Morse, and sets forth the following:

## JURISDICTION AND VENUE

Plaintiff brings this action to recovery damages and for equitable relief under the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., and particularly Section 510 (20 U.S.C. 1140), 20 U.S.C. 1104 *et seq.*, and all other applicable provisions of the Act to redress the termination of his Long-Term Disability Benefits, which was done pretextually and with the purpose of interfering with a right to which he was entitled under an employee benefit plan.

## THE PARTIES

1. Plaintiff is a citizen of the United States of America and a resident of 15 Pender Ave Warwick, RI 02889. At all times material hereto, Plaintiff has been an employee of CVS Corporation. (hereinafter the Employer) since in or about August 30, 2000, most recently as the

Software Architect-designing software and programs, and designing whole systems for companies.

2. The Employer, incorporated in the State of Rhode Island, with a principal place of business at One CVS Drive Woonsocket, Rl 02895 is a corporation authorized to do business in the State of Rhode Island doing business as a retail pharmacy, health related merchandise and other sundry goods seller in various locations throughout the United States.

3. The Employer is an employer within the meaning of ERISA.

4. The Employer maintains an employee benefit plan known as the CVS Corporation Long Term Disability Income Insurance Plan (herein the Plan) and CVS Corporation is the plan sponsor of the Plan within the meaning of ERISA.

5. Defendant BJ'S Wholesale Club, Inc (herein Plan Administrator), is a corporation which serves as the Plan Administrator of the Plan within the meaning of ERISA.

6. Defendant Hartford Life and Accident Insurance Co.(hereinafter Hartford) is a corporation engaged in the business of insurance with a principal place of business in Lexington KY and which is authorized to do business in the State of Rhode Island.

### FACTUAL ALLEGATIONS

7. At all times material hereto, the Employer and the Plan Administrator caused Hartford to have issued to the Employer a policy of group disability insurance for certain of the Employer's employees, including Plaintiff.

8. Pursuant to the terms and conditions of the aforesaid policy, Plaintiff was an insured under said policy.

9. The Plan Administrator administers the Plan through the aforesaid policy purchased from Hartford.

10. By virtue of the relationship by and among the Employer, the Plan Administrator and Hartford jointly administer the Plan.

11. The Plan is an employee benefit plan within the meaning of ERISA, and 29 U.S.C. '1002(4), 29 U.S.C. § 1104 et seq., and 29 U.S.C. § 1140.

12. On or about April 16, 2004 Plaintiff sustained substantial injuries.

13. Since on or about April 16, 2004 Plaintiff has been unable to perform the substantial duties of her job or from any substantial and gainful employment.

14. Since April 16, 2004 Plaintiff has been diagnosed with various debilitating injuries and illnesses, including: memory/cognitive issues, difficulty with vision, disabling symptoms related to: lupus; undifferentiated connective tissue disease; migraine with aura; body covered with recurring Toxicodendron dermatitis; occasional poison ivy; irritable bowel syndrome (IBS) with extreme pain; Raynaud's disease; spine issues/pain; joint/muscle pain; osteoporosis; osteoarthritis; posttraumatic stress disorder (PTSD); menopause; hearing loss; lateral epicondylitis; insomnia; vitamin absorption issues, autoimmune disease, Barrett's syndrome, hiatal hernia, and gastropathy.

15. As a result of his injuries and illnesses, since on or about April 16, 2004, Plaintiff has been, and continues to be, disabled within the meaning of the Plan.

16. Commencing on or about October 14, 2004, following the applicable elimination period, Plaintiff was entitled to Long-Term Disability Benefits.

17. On or about May 7, 2019 the Plan Administrator, and Hartford discontinued Plaintiff's disability benefits, even though she remained disabled within the meaning of the Plan.

18. Plaintiff filed a timely appeal of the termination of her benefits in accordance with the Plan requirements and instructions in the initial letter of denial, however, on or about January 23, 2020 the Plan Administrator and Hartford denied Plaintiff's appeal.

19. There was, and is, no legal or factual basis for denial of the claims presented by Plaintiff.

20. Plaintiff has complied with all requirements of the administrative claims procedures as set forth in the Plan.

21. Plaintiff met all of the conditions and qualifications for payment of Long-Term Disability Benefits and is entitled to receive and Defendants obligated to pay same.

22. Defendants have failed to keep their agreements and promises by refusing to pay Long-Term Disability Benefits under the group disability policy and the Plan, and in so doing have breached same.

23. Plaintiff is totally disabled as defined under the terms of the Plan, and is entitled to Long Term Disability Benefits pursuant to the Plan.

**(ERISA VIOLATION, 29 U.S.C.§1001 ET SEQ.)**

24. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 23, inclusive, as if more fully set forth herein.

25. The Plan Administrator and Hartford owe the obligation to completely, fairly and accurately evaluate and process all claims and pay those claims in a non arbitrary and capricious manner.

26. Since on or about October 14, 2004 Plaintiff has been entitled to Long-Term Disability Benefits under the terms of the Plan.

27. The Plan Administrator and Hartford terminated Plaintiff's benefits and have refused to pay Plaintiff's benefits in violation of the written provisions of the Plan.

28. The denial of Plaintiff's disability benefits by the Plan Administrator and Hartford constitute a purposeful and arbitrary and capricious interference with Plaintiff's right to benefits under the employee benefit plan.

29. Hartford has acted under an inherent conflict of interest in both funding and administering benefits under the Plan.

30. By virtue of the actions of the Plan Administrator and Hartford, the defendants have breached their fiduciary obligations.

WHEREFORE, Plaintiff requests that this Court exercise jurisdiction over her claims and award:

(A) Full Legal and equitable relief under ERISA, including Long-Term Disability Benefits and prejudgment interest;

(B) Compensatory damages;

(C) Attorney's fee and costs of this action; and

(D) Such other relief as the law and equity will allow.

                                            Plaintiff
                                            By her Attorneys,
                                            Law Office of Mark B. Morse, LLC

                                            /s/ Mark B. Morse

                                            _____

                                            Mark B. Morse
                                            RI Bar Reg No 3003
                                            420 Angell Street
                                            Providence, RI 02906
                                            (401) 831-0555
                                            fax (401) 273-0937
                                            email: mark@morselawoffice.com